ALD-216                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1169
_____

SHAMSIDIN ALI,
a/k/a
Robert Saunders,
                                        Appellant

v.

GOVERNOR OF DELAWARE; COMMISSIONER ROBERT COUPE; DELAWARE
DEPARTMENT OF CORRECTIONS; CONNECTIONS CORRECTIONAL
HEALTHCARE SERVICES; DR. VINCENT CARR; MICHAEL KNIGHT; WILLIAM
LYNCH; DR. LAURIE SPRAGA; WARDEN DAVID PIERCE; CHRISTOPHER SEN-
ATO; ROXANNE KINLOCK; TWO PHARMACISTS, Names Unknown
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Action No. 1:15-cv-01184)
District Judge:  Honorable Maryellen Noreika
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 20, 2019
Before:  MCKEE, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: July 23, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Shamsidin Ali (a/k/a Robert Saunders), proceeding in forma pauperis, appeals from the District Court's grant of summary judgment in favor of the remaining defendants in an action he brought pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). For the reasons that follow, we will summarily affirm the District Court's judgment.

I.

Because we write primarily for the benefit of the parties, we will recite only the facts necessary for our discussion. Ali is a Delaware state prisoner confined at the James T. Vaughn Correctional Center. In 2015, Ali filed a complaint in the District Court raising claims regarding his numerous medical conditions, the medical care he has received, and the wheelchair accessibility of bathrooms in two buildings in his prison complex. As relevant here, Ali brought claims against the Delaware Department of Correction ("DOC") and Dr. Vincent Carr, who at that time was the Medical Director of the Bureau of Correctional Health Services at the DOC.

In 2016, the District Court screened Ali's complaint pursuant to 28 U.S.C. § 1915. The District Court permitted Ali to proceed with his claims against Carr and the DOC, as well as several other defendants who were ultimately never served with process.[1] The

---

[1] The District Court set out specific instructions for Ali to serve three named defendants, but Ali never completed service in accordance with the District Court's directions. Thus, the District Court ultimately dismissed those defendants from the case.

District Court dismissed Ali's claims against the remaining defendants, some with prejudice and others without prejudice and with leave to amend. Ali never filed an amended complaint by the District Court's deadline; instead, discovery commenced with the remaining defendants. After Carr and the DOC moved for summary judgment, the District Court granted their motion.[2] Ali timely appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of summary judgment. Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, "all justifiable inferences are to be drawn in . . . favor" of the non-moving party. Id. at 255. However, "the non-movant may not rest on speculation and conjecture in opposing a motion for summary judgment." Ramara, Inc. v. Westfield Ins. Co., 814 F.3d 660, 666 (3d Cir. 2016). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails

---

[2] The District Court also dismissed Carr's pending cross-claims for contribution and indemnity as moot.

to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

We agree with the District Court that summary judgment for the remaining defendants was proper.[3]  First, regarding Ali's medical care claims, the Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment."  Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation omitted).  "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate

---

[3] To the extent that Ali challenges the early dismissal of several of his claims against defendants other than Carr and the DOC, we see no error in the District Court's actions. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) ("Our review of the District Court's sua sponte dismissal for failure to state a claim, . . . like that for dismissal under Fed. R. Civ. P. 12(b)(6), is plenary."); Tourscher v. McCullough, 184 F.3d 236, 238, 240 (3d Cir. 1999) (same for claims dismissed sua sponte as frivolous); see also Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (explaining that dismissal under Rule 12(b)(6) is proper "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility").

For the claims that the District Court dismissed with prejudice, it correctly concluded that Ali could not pursue Eighth Amendment claims against several defendants who were sued solely for being supervisors of various departments but who had no personal involvement in his alleged harms.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  The District Court also correctly concluded that Ali could not state a § 1983 claim for one defendant's failure to grant Ali's request for a compassionate commutation.  See Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 464 (1981) ("[A]n inmate has 'no constitutional or inherent right' to commutation of his sentence.") (citation omitted).

Finally, the District Court dismissed a number of Ali's vaguely alleged claims regarding his medical care with leave to amend, but Ali did not file an amended complaint within the time provided by the District Court.  We agree that dismissal was proper for those claims, for substantially the same reasons given by the District Court.

indifference to serious medical needs." Id. at 106.

In his complaint, Ali made a variety of vague allegations that several of his medical conditions were not properly monitored over the course of eight years and that referrals to see external specialists were ignored. Ali also claimed that a spinal surgery he was told he needed by an external doctor was not approved and that he received physical therapy instead. Finally, Ali expressed concern that the diet he was receiving was detrimental to his health. None of Ali's allegations included specific information about Carr's involvement in Ali's medical care beyond Ali's speculations about Carr.

According to Carr's unrefuted declaration, in his position, he did not provide medical care for inmates and did not make clinical decisions or approvals. Carr averred that he had never made decisions about Ali's medical care or otherwise interfered with Ali's ability to receive medical care, and Carr described the substantial medical care Ali had received in the previous years by various medical professionals. Ali produced no evidence to counter the representations in Carr's declaration.

There is no evidence to show Carr's personal involvement in Ali's alleged constitutional violations. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."). Accordingly, summary judgment for Carr was proper.

Finally, regarding Ali's ADA claim, Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from

5

participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." See 42 U.S.C. § 12132; see also Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998) (holding that Title II of the ADA applies to state prisons). Ali alleged in his complaint that he utilized two library buildings in the prison where the bathrooms were not accessible to him in a wheelchair, which he used for traveling long distances; Ali also used a walker as needed.

Ali did not provide any evidence regarding his ADA claim after filing his complaint; the record is devoid of any information about how the bathrooms in the two library buildings were inaccessible to him. However, even assuming that the bathrooms in those buildings were not accessible for Ali to use with a wheelchair, he has not shown how that excluded him from participation in, or denied him the benefit of, a service, program, or activity of the prison, or how that discriminated against him because of a disability. Ali has not claimed that any alleged inaccessibility of the bathrooms in the library buildings prevented or impaired his use of the library facilities because alternate accessible bathroom facilities were unavailable to him.[4] The District Court thus correctly concluded that Ali's ADA claim could not survive summary judgment.[5]

---

[4] Ali indicated in the District Court that he was housed in an accessible cell.

[5] It appears that Ali also challenges the District Court's denial of his requests for appointment of counsel and its handling of several discovery motions. We conclude that the District Court did not abuse its discretion in denying Ali's requests for appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993). Although some of Ali's claims appeared to have some merit at the outset of the litigation and some limited factual investigation would have been necessary to resolve those claims, Ali is a literate, experienced litigant, and his claims were not particularly complex such that he could not have

For these reasons, we will summarily affirm the judgment of the District Court.



pursued that investigation himself.  No expert testimony would have been required to re-solve the claims that Ali pursued, and Ali's claims did not turn on credibility determina-tions.  Accordingly, although some factors weighed in favor of appointing counsel, the District Court did not abuse its discretion in denying Ali's motions.

The District Court also did not abuse its discretion in denying Ali's discovery mo-tions that were made after the discovery deadline closed.  See Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010).  Ali never requested an extension of the discovery deadline in this case.  His belief that a separate discovery deadline in another suit he filed should apply to this case did not support granting his motions.